**SO ORDERED.**

**SIGNED this 20 day of August, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **DENNIS KAY JOHNSON,** | **12-05824-8-RDD** |
| **DEBTOR.** | **Chapter 11** |

### ORDER

This matter came before the court on the debtor's emergency motion to stay the actions of Branch Banking and Trust Company ("BB&T"). The debtor's case has been assigned to Judge Randy D. Doub. However, Judge Doub was unavailable and given the emergency nature of the relief requested, a hearing was held in Raleigh, North Carolina on August 14, 2012, before Judge J. Rich Leonard.

The debtor filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code on August 10, 2012 and is currently operating as debtor-in-possession. The debtor is the sole member of Veterinary Hospital of Greenville, PLLC ("VHG"). At the time of the debtor's filing, BB&T had certain litigation pending against the debtor, individually and doing business as VHG and several other entities. BB&T asserted that the debtor was liable to it under the terms of a certain promissory note, and that while VHG was not independently liable to BB&T

for this debt, it did pledge collateral to secure the payment of the obligation owed by the debtor.

Ancillary to its primary claim, BB&T also sought a claim and delivery order from the clerk of court of Wilson County. Four days after the debtor filed for bankruptcy, on August 14, 2012, a hearing was held at which BB&T narrowed its relief as to VHG solely. BB&T does not dispute that the debtor, and not VHG, was the sole party obligated under the note. Furthermore, BB&T acknowledged that the purpose of the lawsuit for claim and delivery is to foreclose on the collateral pledged by VHG, auction it, and apply the proceeds to satisfy the debtor's obligation under the note. On August 15, 2012, the debtor filed the present motion requesting that the court declare that the actions of BB&T as to VHG be stayed during the pendency of this bankruptcy.

Section 362(a)(1) of the Bankruptcy Code stays "the commencement or continuation . . . of a judicial, administrative, or other action . . . to recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code]." Additionally, § 362(a)(6) prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code]." These provisions stay actions against collateral in satisfaction of the debtor's obligation, and "it is immaterial that the property being sought for recovery is neither the property of the debtor nor property of the estate." In re Passmore, 156 B.R. 595, 598 (Bankr. E.D. Wis. 1993) (citing Matter of Byrne, 5 B.R. 556 (Bankr. W.D. Pa. 1980)). In this case, BB&T admits that VHG does not have any independent obligation to BB&T and that the collateral pledged by VHG served solely to secure the obligation of the debtor. Although it is certainly true that a bankruptcy filing does not stay an action against a co-maker, surety or guarantor, in each of those instances the non-bankruptcy party has an independent contractual obligation to the creditor the collection of which is not stayed. That is not the case here. Therefore, confirming the court's oral ruling delivered at the

hearing, the court finds that BB&T's continuation of the state court proceedings against VHG are within the purview of § 362(a)(1) and (a)(6), and therefore stayed. However, this is a temporary order and shall remain effective only until such time as Judge Doub has the opportunity to revisit this issue.

**END OF DOCUMENT**